UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA A. YOUNG,<br><br>         Plaintiff,<br><br>   vs.<br><br>JOHN MORRELL & COMPANY,<br>SCOTT REED, Director of Human Resource;<br>AMY DYKSTRA, Human Resource Manager;<br>ROSALYNN VERGES, Affirmative Action Officer;<br>SHARON LOVELL, Workmen Comp;<br>LARRY GREGORY, Production Manager;<br>JAMES SIBERT, Production Manager;<br>KODZO NOUTSOUGAN, Production Worker;<br>SABA HILSELASIA, Production Worker;<br>LACEY McNEIL, Production Worker;<br>GEORGE E. LEE, Production Worker;<br>DON, Warehouse;<br>ROGER, Mechanic and Second Floor Mule Driver;<br>THIET VO;<br>RUSS, production manager;<br>MARCUS, production manager;<br>ALFONZO, production manager;<br>CHOY, production manager;<br>CHICO, production manager;<br>PETRONELLE, production worker;<br>IAN STRUM, quality assurance;<br>ROSA, production worker;<br>BOSNIA MAN (man from Bosnia, production worker); and<br>TIM CHRISTOFFENSON, production manager<br><br>         Defendants. | CIV. 13-4118-KES<br><br><br><br>ORDER GRANTING<br>MOTIONS TO DISMISS |

Defendants John Morrell & Co., Scott Reed, Kodzo Noutsogan, James Sibert, Larry Gregory, Sharon Lovell, Amy Dykstra, Lacey McNeil, and Saba Hilselasia move the court to dismiss the action because plaintiff, Georgia Young, failed to effectively serve process on them within the 120-day period allowed under the Federal Rules of Civil Procedure. Thiet Vo, Ian Strum, and Petronelle Mukuna move the court to dismiss the claims brought against them because they cannot be held liable as individual employees under Title VII of the Civil Rights Act of 1964 and because Young failed to exhaust her administrative remedies on her race discrimination claim. Young has not responded to the motions and the time to respond has passed. For good cause shown, the motions are granted.

According to Young's filings, Young was employed by John Morrell from August 29, 2005, to August 14, 2013. She claims she was sexually harassed, bullied, discriminated against on the basis of her race, and retaliated against while employed by John Morrell. Young filed a charge of discrimination with the Sioux Falls Human Relations Commission and the U.S. Equal Employment Opportunity Commission, alleging sexual harassment and retaliation on April 24, 2012.  A second charge alleging sexual harassment was filed on July 19, 2012. Both charges were dismissed with a finding of no probable cause by the Sioux Falls Human Relations Commission on October 2, 2013.

On October 21, 2013, Young sent a letter to the United States District Court appealing the decision of the Sioux Falls Human Relations Commission.

In response, the Clerk of Courts sent Young a letter with a pro se information packet, a blank complaint form, and an application to proceed in forma pauperis. One hundred and four days later, on February 3, 2014, Young filed a complaint using the court's complaint form and a motion for leave to proceed in forma pauperis. On March 21, 2014, the court granted the motion and informed Young by letter that she was required to fill out a summons form and USM 285 form for each known defendant. Young filled out the summons forms and USM 285 forms for the 12 individual defendants named in her February 3 filing and for five additional individuals who were not named in any of her previous filings. As a result, the Clerk directed Young to file an Amended Complaint naming the five additional individuals as defendants.

Young filed an amended complaint on May 29, 2014. In this complaint, Young alleges sexual harassment, race discrimination, and retaliation, and also refers to having medical issues and being the only American employee at John Morrell.

1.      **John Morrell & Company**

The U.S. Marshals Service attempted to serve the individual defendants who were named in Young's February 3 complaint. Reed received and signed for the summons in his name and also the summons directed to Noutsogan, Sibert, Gregory, Lovell, Dykstra, McNeil, and Hilselasia. The summonses directed to Don (production worker), Rosalyn Verges, Roger (mechanic), and Lee were returned unexecuted.

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a motion to dismiss may be granted in cases where the court finds that plaintiff's service of process is insufficient. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104 (1987). As a result, a district court has the power to dismiss a case for failure to comply with its rules. *Marshall v. Warwick,* 155 F.3d 1027, 1029 (8th Cir. 1998).

Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, defendant John Morrell filed its motion to dismiss for failure to serve the complaint on June 13, 2014, which was 130 days after the complaint was filed. Young still has not served the complaint on John Morrell and Young has not responded to the motion to dismiss. It has now been 287 days since the complaint was filed and Young has made no effort to show good cause for her failure to serve the complaint in a timely manner. As a result, the motion to dismiss with regard to John Morrell is granted without prejudice.

**2.      Nouytsogan, Sibert, Gregory, Lovell, Dykstra, McNeil, Hilselasia**

Reed accepted service of the summonses that were directed to Noutsogan, Sibert, Gregory, Lovell, Dykstra, McNeil, and Hilselasia. South

4

Dakota law allows for service of process on an individual defendant either by serving the defendant personally with a copy of the summons, or, if the defendant cannot be found, by leaving a copy of the summons at the defendant's dwelling in the presence of a family member over the age of 14. *See* SDCL 15-6-4(d)(10) and (e). Here, neither form of service took place. Accordingly, service was not effectuated on these defendants and more than 120 days have passed since the complaint was filed. Young has not shown good cause for the failure to serve the defendants in a timely manner pursuant to Rule 4(m). Therefore, the motion to dismiss with regard to Nouytsogan, Sibert, Gregory, Lovell, Dykstra, McNeil, and Hilselasia is granted.

### C.   Reed, Vo, Strum, and Mukuna

Reed, Vo, Strum, and Mukuna were personally served with a copy of the amended complaint. The Amended Complaint alleges claims based on sexual harassment, discrimination, and retaliation and also references having "medical issues" and being "the only American" employee at John Morrell. Individual employees, however, are not personally liable under Title VII. *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691 (8th Cir. 1997). All of these defendants are individual employees, who were either Young's supervisor or co-worker. Thus, there is no set of facts under which Young could establish liability under Title VII against these defendants. As a result, the motion to dismiss these defendants is granted without prejudice.  Accordingly, it is

5

ORDERED that the motion to dismiss of defendants John Morrell & Co., Scott Reed, Kodzo Noutsogan, James Sibert, Larry Gregory, Sharon Lovell, Amy Dykstra, Lacey McNeil, and Saba Hilselasia (Docket 17) is granted without prejudice.

IT IS FURTHER ORDERED that the motion to dismiss of defendants Thiet Vo, Ian Strum, and Petronelle Mukuna (Docket 26) is granted without prejudice.

Dated November 20, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE